#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF TEXAS
#### SAN ANTONIO DIVISION

| | |
|---|---|
| **TAYLOR SUMMERS** § | |
| § | |
| **VS** § | |
| § | **CAUSE № 5:23-CV-00406** |
| **LOWE'S HOME CENTERS, LLC,** § | **JURY** |
| **JOSHUA STEELY, JOHN DOE 1, and** § | |
| **JOHN DOE 2.** § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, TAYLOR SUMMERS, hereinafter referred to by name or as Plaintiff, and complains of LOWE'S HOME CENTERS, LLC and JOSHUA STEELY, JOHN DOE 1, and JOHN DOE 2, hereinafter referred to by name or as Defendants, and for cause of action respectfully shows the court as follows:

### I.
### PARTIES/SERVICE

1.  Plaintiff, TAYLOR SUMMERS, is an individual residing in Kerr County, Texas.

2.  Defendant, LOWE'S HOME CENTERS, LLC, is a Foreign Limited Liability Company authorized to do business in the State of Texas and maybe served with private process through their registered agent Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701 or wherever they may be found. Defendant LOWE'S has already been served.

3.  Defendant, JOSHUA STEELY is an employee of LOWE'S HOME CENTERS, LLC present at the time of the incident forming the basis of this suit and a resident of Kerr County, Texas. Defendant JOSHUA STEELY may be served with process at his residence of 2021 Limecreek Road, Kerrville, Texas 78028.

4. Defendant John Doe 1 was an employee of Defendant LOWE'S and present at the time of the incident forming the basis of this suit and a resident of Kerr County, Texas. Defendant John Doe 1 will be served with process as soon as discovery permits his proper identification.

5. Defendant John Doe 2 was an employee of Defendant LOWE'S and present at the time of the incident forming the basis of this suit and a resident of Kerr County, Texas. Defendant John Doe 2 will be served with process as soon as discovery permits his proper identification.

## II.
## JURISDICTION AND VENUE

6. This Court DOES NOT have jurisdiction over the suit pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendant JOSHUA STEELY are both citizens of the State of Texas and there exists no subject matter jurisdiction for this Court to exercise.

7. Venue is proper in the District Court of Kerr County, Texas, pursuant to §15.002(3) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because the incident forming the basis of this suit occurred in and all relevant underlying facts occurred in Kerr County, Texas.

## III.
## MISNOMER

8. In the event any parties are misnamed or not included herein, it is Plaintiff TAYLOR SUMMERS's contention that such was a "misnomer" and/or such parties are/were "alter egos" of Parties name herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such Parties properly included in the interest of justice. In the event that the true Parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## IV.
## FACTS

9. On or about April 8, 2022, the Plaintiff TAYLOR SUMMERS was picking up a load of corrugated metal sheeting from LOWE'S HOME CENTERS, LLC, 651 TX-534 Loop, Kerrville, Texas in Kerr County, Texas. Defendants JOSHUA STEELY and John Doe 1 and 2, employees of LOWE'S HOME CENTERS, LLC, had just finished loading bays of metal sheeting when PLAINTIFF requested help loading some of the metal sheeting onto his hand truck. Defendant JOSHUA STEELY, the manager for the department where the metal sheeting was displayed, denied his request for help and told him to load his own material before hurriedly proceeding to another aisle to load bays of wooden beams with John Doe 1 & 2. Consequently Plaintiff, TAYLOR SUMMERS went to load the sheet metal on his own. Unbeknownst to PLAINTIFF, the metal sheeting had been loaded precariously into the bay such that the entire stack was unstable and unbalanced. Immediately upon starting to move the first metal sheet, the entire stack of such sheets in the bay fell out of position and landed on top of the PLAINTIFF who caught them on his head, neck, and shoulders, briefly supporting the entire stack by himself before another customer was able to assist him in getting out from under the stack of metal.

10. As a result of the negligence and inattention of Defendants, JOSHUA STEELY, John Doe 1, and John Doe 2, as agents/employees of Defendant LOWE'S HOME CENTERS, LLC, in the course and cope of their employment with LOWE'S HOME CENTERS, LLC, Plaintiff TAYLOR SUMMERS, sustained severe injuries and damages to his body, as more fully set forth below.

11. The occurrence made the basis of this suit, as stated above, and Plaintiff's resulting injuries and damages were proximately caused by negligent conduct of the Defendants.

## V.
## CAUSES OF ACTION – JOSHUA STEELY, JOHN DOE 1, and JOHN DOE 2

A.  *Negligence*

12. The occurrence made the basis of this suit, reflected in Section V, and the resulting injuries and the damages of Plaintiff, TAYLOR SUMMERS, were proximately caused by the negligent conduct of the Defendants, JOSHUA STEELY, JOHN DOE 1, and JOHN DOE 2, who had actually loaded and/or supervised the loading of and/or had most recently observed the loading of the metal sheets into the bay. DEFENDANT acted in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the course of his job duties in one or more of the following respects:

   a. in failing to keep a proper lookout or such lookout which a person of ordinary prudence would have maintained under same or similar circumstances;

   b. in failing to render assistant to the Plaintiff;

   c. in failing to ensure a proper loading of the sheet metal into their designated bay; and

   d. in failing to warn the PLAINTIFF of the danger.

   e. JOSHUA STEELY was independently negligent in failing to supervise JOHN DOE 1 and JOHN DOE 2 and permitting the foregoing acts of negligence.

13. Each of these acts/or omissions, whether taken singularly or in any combination, constitute negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff, TAYLOR SUMMERS, suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

B.  GROSS NEGLIGENCE

14. Defendants JOSHUA STEELY, JOHN DOE 1, and JOHN DOE 2's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, DEFENDANTS conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff TAYLOR SUMMERS. DEFENDANTS had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

15. The acts and/or omissions by DEFENDANTS outlined in section A, *supra,* constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. DEFENDANTS were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and DEFENDANTS were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff TAYLOR SUMMERS.

16. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff TAYLOR SUMMERS. Therefore, Plaintiff, sues for exemplary damages in an amount to be determined at trial.

## VI.
## PREMISES LIABILITY – LOWE'S HOME CENTERS, LLC

17. The facts as outlined above created a dangerous condition on the premises under the control of Defendant LOWE'S HOME CENTERS, LLC, and such dangerous conditions was known or should have been known to the Defendants. The Defendant was the owner/occupiers in control of the premises where Plaintiff was injured.

18. The dangerous condition of the improperly stacked and loaded metal sheeting which Plaintiff was directed by an employee of the Defendant to load on his own, was not known to the Plaintiff as Plaintiff believed that Defendants JOSHUA STEELY, John Doe 1, and John Doe 2 had properly loaded the metal sheeting in the bay OR in the alternative would have warned him of the potential for collapse. The improperly loaded and precariously positioned sheet metal immediately fell onto Plaintiff when he went to get the first sheet and landed on his shoulders and neck causing injuries to his neck, back, and body generally.

## VII.
## CAUSE OF ACTION
## LOWE'S HOME CENTERS, LLC

A. RESPONDEAT SUPERIOR

19. Defendant, LOWE'S HOME CENTERS, LLC was negligent under the theory of *respondeat superior* in that Defendants JOSHUA STEELY, JOHN DOE 1, and JOHN DOE 2, were acting within the course and scope of their employment with LOWE'S HOME CENTERS, LLC at the time the incident occurred.

20. Each and all of the foregoing acts and/or omissions of the agents, servants, and/or employees for Defendant LOWE'S HOME CENTERS, LLC were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and were a proximate cause of Plaintiff's injuries and damages.

B. NEGLIGENT HIRING/RETENTION/TRAINING/SUPERVISION

21. Defendant, LOWE'S HOME CENTERS, LLC is also negligent in one or more of the following respects:

    a. negligent hiring;

    b. negligent supervision and monitoring of Defendants JOSHUA STEELY, JOHN DOE 1, and JOHN DOE 2;

    c. negligent retention;

    d. negligent maintenance; and

    e. failing to have an adequate safety program in place to ensure that heavy construction materials were stored in a safe fashion;

### C. GROSS NEGLIGENCE

22. Defendant LOWE'S HOME CENTERS, LLC 's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff TAYLOR SUMMERS. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

23. The acts and/or omissions by Defendant LOWE'S HOME CENTERS, LLC outlined in section A-C, *supra,* constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff TAYLOR SUMMERS.

24. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff TAYLOR SUMMERS. Therefore, Plaintiff, sues for exemplary damages in an amount to be determined at trial.

## VIII.
## PREMISES LIABILITY
## LOWE'S HOME CENTERS, LLC

25. The facts as outlined above created a dangerous condition on the premises under the control of Defendant JOSHUA STEELY and LOWE'S HOME CENTERS, LLC, and such dangerous conditions was known or should have been known to the Defendants. The Defendants were the owner/occupiers in control of the premises where Plaintiff was injured.

26. The dangerous condition of dropping the large wooden beam while Plaintiff was in the zone of the loading, was not known to the Plaintiff as Plaintiff believed that loader had the experience and ability to properly manage the beams being loaded after Defendant JOSHUA STEELY refused to get assistance. The beam was dropped out of control and struck Plaintiff in the foot, causing the Plaintiff to suffer a partial decapitation of his toe and other serious injuries to the Plaintiff.

## IX.

## DAMAGES

27. The occurrence made the basis of this suit, referred to in this Petition, and Plaintiff TAYLOR SUMMERS's resulting injuries and/or damages, were proximately caused, aggravated or accelerated by the negligent conduct of the Defendants.

28. As a direct and proximate result of the collision and the negligent conduct of Defendants LOWE'S HOME CENTERS, LLC and JOSHUA STEELY, Plaintiff TAYLOR SUMMERS suffered severe bodily injuries to his foot and other parts of his body generally. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff

for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have cause and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of the deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

29. As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

30. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

31. Plaintiff TAYLOR SUMMERS has also suffered losses of past wages and future earning capacity.

32. Plaintiff TAYLOR SUMMERS has also suffered a loss of physical impairment in the past and future.

33. By reason of all of the above, Plaintiff TAYLOR SUMMERS has suffered losses and damages in a sum within the jurisdictional limits of the court for which he now sues.

34. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff TAYLOR SUMMERS seeks monetary relief OVER $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems himself justly entitled at the time of filing the suit, which, with the passage of time, may change.

## X.
## INTEREST

35. Plaintiff TAYLOR SUMMERS further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## XI.
## PRAYER

36. WHEREFORE, PREMISES CONSIDERED, Plaintiff, TAYLOR SUMMERS, requests that the Defendant LOWE'S HOME CENTER'S LLC, be cited to appear and answer, and on final trial thereafter, that Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of the court, together with all pre-judgment and post-judgment interest as allowed by law, costs of court, and for such other and further relief to which Plaintiff may be justly entitled, at law and in equity, including, but not limited to:

   1. Pain and suffering in the past;
   2. Pain and suffering in the future;
   3. Mental anguish in the past;
   4. Mental anguish in the future;
   5. Past medical expenses;
   6. Future medical expenses;
   7. Physical impairment in the past;
   8. Physical impairment in the future;
   9. Physical disfigurement in the past;
   10. Physical disfigurement in the future;
   11. Lost wages in the past;
   12. Loss of future wage earning capacity;
   13. Loss of use;
   14. Pre-judgment interest;

15. Post-judgment interest;
16. Property damage; and
17. Exemplary damages.

Respectfully submitted,

**CARABIN & SHAW, P.C.**
630 Broadway
San Antonio, Texas 78215
Telephone: (210) 222-2288
Facsimile: (210) 222-1480

By: _____
**GARY GIBSON**
State Bar № 24124959
Admitted to the Western District of Texas
ggibson@carabinshaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Plaintiff's First Amended Complaint was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy e-mailed on this 5th day of April, 2023, addressed to those who do not receive notice from the Clerk of the Court.

Monte L. Williams
Brice P. Phillips
STEPTOE & JOHNSON, PLLC
1780 Hughes Landing Blvd., Suite 750
The Woodlands, TX 77380
Attorneys for Defendant Lowe's Home Centers, LLC

_____
**GARY GIBSON**