UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TAYLOR SUMMERS, §<br>*Plaintiff* §<br> §<br>v. §<br> §<br>LOWE'S HOME CENTERS, LLC, §<br>JOSHUA STEELY, JOHN DOE 1, JOHN §<br>DOE 2, §<br>*Defendants* § | Case No. SA-23-CA-00406-XR |

## ORDER ON MOTION TO REMAND

On this date, the Court considered Plaintiff's motion for remand (ECF No. 4), Defendant Lowe's Home Centers, LLC's response (ECF No. 9), and Plaintiff's reply (ECF No. 11). After careful consideration, Plaintiff's motion for remand is **GRANTED.**

### BACKGROUND

This action arises out of personal injuries Plaintiff Taylor Summers suffered after a pile of corrugated sheet metal fell on him at a Lowe's store located at 651 Texas-534 Loop, Kerrville, Texas. ECF No. 1, Ex. A-1, Original Pet. at 3. Plaintiff alleges that Joshua Steely (formerly "Josh LNU [Last Name Unknown]") and two other, unidentified Lowe's employees ("John Doe 1" and "John Doe 2," and, together with Steely, the "Individual Defendants") had just finished loading bays of sheet metal when Plaintiff asked for their help in transferring some of sheeting to his hand cart. *Id.* Steely allegedly denied Plaintiff's request for help, told Plaintiff to load his own material, and immediately left the area to begin loading bays of wooden beams with the two other employees. *Id.*

Plaintiff alleges that, immediately upon starting to move the first metal sheet, the entire stack fell out of position and landed on top of Plaintiff, who caught them on his head, neck, and

shoulders, briefly supporting the entire stack by himself before another customer was able to assist him in getting out from under the stack of metal. *Id.* As a result of the collision, Plaintiff alleges that he suffered severe and permanent bodily injuries to his head, neck, and back. *Id.* at 9.

On February 22, 2023, Plaintiff filed his original petition in the 198th Judicial District Court of Kerr County, asserting claims against the Individual Defendants for negligence and gross negligence and against Lowe's for negligent hiring, supervision, and retention, gross negligence, premises liability, and respondeat superior liability. *See* ECF No. 1 at 8–18. Thereafter, Plaintiff filed his First Amended Petition. ECF No. 1, Ex. A-3, Amended Pet. at 24–34.

On April 3, 2023, Lowe's timely removed the case to this Court on the basis of diversity jurisdiction. Lowe's asserts that this Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. ECF No. 1 at 3. Lowe's is a citizen of North Carolina, and Plaintiff is a citizen of Texas. *Id.* The notice of removal disregarded the citizenship of the Individual Defendants because none of them had been identified at the time of removal. *See id.* (citing 28 U.S.C. § 1441(b) (providing that the citizenship of defendants sued under fictitious names shall be disregarded)).

Two days after removal, Plaintiff filed an amended complaint substituting Joshua Steely for Josh LNU. *See* ECF No. 2. Plaintiff now moves to remand this case to state court because Steely's joinder destroys diversity, seeking attorneys' fees under 28 U.S.C. § 1447(c). ECF No. 7. Lowe's contends that complete diversity exists because Steely was improperly joined. ECF No. 9 at 3–4. Specifically, Lowe's asserts that Steely did not owe a duty to Plaintiff independent of the duty Lowe's owes to its customers and, based on the allegations in the petition, that Plaintiff has otherwise failed to allege a viable claim against Steely. *Id.*

**DISCUSSION**

**I.     Legal Standards**

    **A.     Improper Joinder**

A defendant may remove an action to federal court where the matter in controversy exceeds $75,000 and is between "citizens of different states." 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). Diversity jurisdiction typically requires "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal.").

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573.

### B.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he

complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (quotation marks and citations omitted).

In a Rule 12(b)(6) analysis, all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

**II.     Analysis**

The parties primarily dispute whether Steely can be held individually liable for negligently stacking the metal sheets and failing to help Plaintiff load the metal sheets onto his hand cart. Texas law clearly holds that corporate employees may be held personally liable for their negligent conduct committed within the scope of employment. *See Land v. Wal-Mart Stores of Tex., LLC*, No. SA-14-CV-009-XR, 2014 WL 585408, at *3 (W.D. Tex. Feb. 13, 2014) ("[E]mployees are not somehow immunized for their own torts if they were acting within the scope of their employment."); *see also Alexander v. Lincare, Inc.*, No. CIV A 3:07-CV-1137-D, 2007 WL 4178592, at *3 (N.D. Tex. Nov. 27, 2007) (collecting Texas cases).

Relying on the Texas Supreme Court's decision in *Leitch v. Horsby* and its progeny, however, Lowe's argues that Steely may only be held liable individually if he owed Plaintiff a

5

duty of care independent of Lowe's duty as the owner of the premises. *See* ECF No. 9 at 5 (citing *Leitch*, 935 S.W.2d 114, 118 (Tex. 1996)); ECF No. 8 at 6. In *Leitch*, the court held that an employer's corporate officers could not be held individually liable for their refusal to provide requested safety equipment because they did not owe a duty to the plaintiff separate and apart from the employer's duty to use ordinary care in providing a safe workplace. *Leitch*, 935 S.W.2d at 117. In contrast, the court noted that employees who operate motor vehicles in the scope of their employment may be held individually liable "[b]ecause the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer." *Id.* Thus, "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id.*

In *Tri v. J.T.T.*, the Texas Supreme Court extended *Leitch* to premises liability cases. 162 S.W.3d 552 (Tex. 2005). Still, "[a]s some courts have recognized, the holding in *Tri* 'did not definitively establish that in every instance employees owe no independent duty of care while acting within the scope of their employment.'" *Rios v. Cooper Tire & Rubber Co.*, No. 1:13-CV-433, 2015 WL 12762259, at *5 (E.D. Tex. Apr. 30, 2015) (quoting *Bell v. Wal-Mart*, No. 4:11-CV-576, 2011 WL 5022815, at *3 (N.D. Tex. Oct. 18, 2011)). Indeed, it is a long-standing rule in Texas that "a corporate agent is personally liable for his own fraudulent or tortious acts." *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002). Thus, Lowe's cannot rely solely on Plaintiff's allegation that Steely was acting within the scope of his employment when the tort occurred to establish improper joinder. Instead, the Court must assess whether Steely owed an independent duty based on the factual allegations in the petition.

An employee may face individual liability where he "directs or participates in a tortious act during his employment" or "personally creates a dangerous situation that causes injury." *In re*

6

*Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi-Edinburg 2016, orig. proceeding). Numerous federal district courts have applied *Leitch* and *Tri* to find improper joinder when a corporate defendant is joined with a store manager. *See, e.g.*, *Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 480 (S.D. Tex. 2008) (store manager with no personal involvement in creating dangerous condition owed no separate legal duty). Courts have declined to dismiss employee-defendants as improperly joined, however, where they were alleged to have created the hazardous condition that caused the plaintiff's injuries. *See, e.g.*, *Land*, 2014 WL 585408, at *3 (declining to dismiss claims against employee who created a dangerously wet floor by negligently operating a commercial floor cleaning machine).

Lowe's alleges that Plaintiff has failed to state a viable negligence claim against Steely because the petition "ambiguously pleads" that his injuries were caused by the negligent conduct of "Josh LNU, John Doe 1, and John Doe 2, who had actually loaded and/or supervised the loading of and/or had most recently observed the loading of the metal sheets into the bay." ECF No. 9 at 2 (citing Original Pet. at 6). Lowe's asserts that Plaintiff's allegations against Steely are insufficient because "he fails to specifically identify in which respect each employee defendant was negligent." *Id.* at 3.

The Court disagrees. While the Court is not aware of any authority requiring store employees to help customers load their carts, Texas law clearly imposes an independent duty on employees who were directly involved in creating a dangerous condition. *See Land*, 2014 WL 585408, at *3 (declining to dismiss claims against employee who created a dangerously wet floor by negligently operating a commercial floor cleaning machine). The petition asserts that the three Individual Defendants "had just finished loading bays of metal sheeting" when Plaintiff asked for their assistance. *See* Original Pet. at 3. The petition further alleges that "Joshua Steely was

7

independently negligent in failing to supervise John Doe 1 and John Doe 2." *Id.* at 4. While store managers have been held to not be responsible for the existence of dangerous conditions that they did not create, *Solis*, 617 F. Supp. 2d at 480, Plaintiff has sufficiently alleged that Steely was personally involved in creating the dangerous condition in question—both by negligently stacking the metal sheets himself and negligently supervising his co-workers. *In re Butt*, 495 S.W.3d 455 (concluding that an employee may face individual liability where he "directs or participates in a tortious act during his employment"). Construing these allegations strictly in favor of remand, *Vantage Drilling*, 741 F.3d at 537, the Court is not convinced that there is "no reasonable basis" to predict that Plaintiff might be able to recover against Steely under Texas law. *Smallwood*, 385 F.3d at 573. Accordingly, Plaintiff's motion for remand must be granted.

### III. Attorneys' Fees

Plaintiff seeks an award of attorneys' fees for the improper removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). Thus, absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *Id.* at 141. Thus, "[w]e evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). A defendant's subjective good faith belief that removal was proper is insufficient to establish that the district court abused its discretion in awarding attorneys 'fees under Section 1447(c). *Id.* at 292 ("To be sure, the district court may

award fees even if removal is made in subjective good faith."); *see also Am. Airlines v. Sabre, Inc.*, 694 F.3d 539, 542 n.2 (5th Cir. 2012) (same). District courts have discretion in deciding whether to assess attorney's fees. *Sabre*, 694 F.3d at 544.

Given that the Individual Defendants were initially sued under fictitious names and the uncertainty about the possibility of recovery against them in their individual capacities under Texas law, the Court is not convinced that Lowe's lacked an objectively reasonable basis for seeking removal under the circumstances. Accordingly, attorney's fees are not warranted in this case.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for remand (ECF No. 4) is **GRANTED**. Because this Court lacks jurisdiction over this action, Defendant Lowe's pending motion to dismiss (ECF No. 12) is hereby **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **REMAND** this case to the 198th Judicial District Court of Kerr County, Texas pursuant to 28 U.S.C. § 1447(d) and to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 17th day of May, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE